IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


TIMOTHY BAKSI,

    Plaintiff,

  vs.          Civil Action 2:11-CV-615
              Judge Sargus
              Magistrate Judge King

OHIO ADULT PAROLE AUTHORITY,

    Defendant.


## REPORT AND RECOMMENDATION

   Plaintiff, a state inmate, brings this civil rights action under 42 U.S.C. §1983 challenging the denial of his parole.  This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. §§ 1915(e), 1915A.  For the reasons that follow, it is recommended that the case be dismissed for lack of subject matter jurisdiction and for failure to state a claim for relief.

   The only named defendant is the Ohio Adult Parole Authority, a state agency.  This defendant is absolutely immune from suit under §1983 by virtue of the Eleventh Amendment to the United States Constitution.  *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 68 (1989); *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Murray v. Ohio Adult Parole Authority*, 916 F.2d 713 (Table)(6th Cir. 1990).  The Court therefore lacks subject matter jurisdiction over the claim asserted in this action.

   Moreover, the *Complaint* fails to state a claim upon which relief can be granted.  The United States Constitution does not guarantee an inmate's release on parole, *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979), and Ohio has not created a liberty interest in parole eligibility.  *Michael v. Ghee*, 498 F.3d 372 (6th Cir.

2007).   Thus, plaintiff's challenge to the denial of his release on parole fails to state a constitutional claim.

It is therefore **RECOMMENDED** that the action be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.   28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).   Response to objections must be filed within fourteen (14) days after being served with a copy thereof.   F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.   See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

s/Norah McCann King

Norah M<sup>c</sup>Cann King

United States Magistrate Judge

DATE: July 14, 2011

2