IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY BAKSI,

        Plaintiff,

vs.                              Civil Action 2:11-CV-615
                                   Judge Sargus
                                   Magistrate Judge King

OHIO ADULT PAROLE AUTHORITY,

        Defendant.

**OPINION AND ORDER**

    Plaintiff, a state inmate, challenges the denial of his parole under 42 U.S.C. §1983. On July 14, 2011, the United States Magistrate Judge recommended that the action be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *Report and Recommendation*, Doc. No. 7. This matter is now before the Court on plaintiff's objections to that recommendation, Doc. No. 9.

    As the Magistrate Judge noted, the Eleventh Amendment to the United States Constitution divests this Court of subject matter jurisdiction over the defendant state agency, the only named defendant. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68 (1989); *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Murray v. Ohio Adult Parole Authority*, 916 F.2d 713 (Table)(6th Cir. 1990). Although plaintiff asserts in his objections that he was denied the opportunity to identify particular members of the parole board, the fact remains that the Court lacks subject matter jurisdiction over the only defendant actually named in this action.

Moreover, the *Complaint* fails to state a claim upon which relief can be granted. The United States Constitution does not guarantee an inmate's release on parole, *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979), and Ohio has not created a liberty interest in parole eligibility. *Michael v. Ghee*, 498 F.3d 372 (6th Cir. 2007). In his objections, plaintiff argues that, by promulgating procedural rules in connection with the parole process, Ohio has established a liberty interest in fair parole proceedings. However, the United States Court of Appeals for the Sixth Circuit has held to the contrary. *Hughes v. Collins*, 107 F.3d 870 (Table), 1997 WL 76210, *2 (6th Cir. Feb. 20, 1997)("So long as the parole discretion is broad, as in Ohio, the state has not created a constitutionally protected liberty interest by enacting procedural rules"), citing *Sweeton v. Brown*, 27 F.3d 1162 (6th Cir. 1994). Thus, plaintiff's challenge to the denial of his release on parole fails to state a constitutional claim.

**WHEREUPON**, plaintiff's objections to the *Report and Recommendation* are therefore **DENIED**. The *Report and Recommendation* is **ADOPTED and AFFIRMED**.

This action is **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

The Clerk shall enter **FINAL JUDGMENT**.[1]

Moreover, the Court concludes that an appeal would not be taken in good faith. 28 U.S.C. §1915(a).

10-6-2011
Date

Edmund A. Sargus, Jr.
United States District Judge

---

[1] Plaintiff has also filed a motion complaining of the manner in which prison officials have withdrawn moneys from plaintiff's inmate account in connection with payment of the filing fee in this action. Doc. No. 11. Plaintiff is advised that he may pursue his available prison administrative remedies regarding this complaint; he remains free to institute a separate action should his grievance not be resolved to his satisfaction.